# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

**MICHAEL T. WEAVER,**
**D.O.C. # M24114,**

      **Plaintiff,**

**vs.**                           **Case No. 4:18cv572-MW/CAS**

**JUDGE STACEY D. GLICK,**
**et al.,**

      **Defendants.**
_____/

## REPORT AND RECOMMENDATION

Plaintiff, proceeding pro se, initiated this case by submitting a typed

civil rights complaint,[1] ECF No. 1, and a motion requesting leave to

proceed in forma pauperis, ECF No. 2. Plaintiff's motion was granted and

he was assessed an initial partial filing fee. ECF No. 5. Plaintiff paid that

fee, ECF No. 6, and then recently paid the remaining balance for this case.

---

[1] Plaintiff did not use the complaint form which is generally required to be used in this Court, *see* N.D. Fla. Loc. R. 5.7(A), but his complaint sufficiently followed the format of that form such that Plaintiff was not required to submit an amended complaint simply to correct that deficiency.

ECF No. 8.  Accordingly, Plaintiff's complaint, ECF No. 1, is ready to be reviewed as required by 28 U.S.C. § 1915A.

Prior to that review, however, Plaintiff has recently filed a "declaration."  ECF No. 9.  In that document, Plaintiff asserts that he is "serving an unlawful and illegal sentence."  *Id.* at 1.  Plaintiff provides a history of his state court habeas corpus proceeding in the Third District Court of Appeal (*see* case number 3D14-1829) beginning in 2014.  *Id.* Plaintiff complains that in 2015, his petition was denied and he was barred from filing any further pro se pleadings in that Court.  *Id.* at 2. Subsequently, an attorney was hired to represent Plaintiff and during those proceedings, Plaintiff complains that the presiding circuit court judge (Judge Stacey D. Glick) failed to recuse herself from that case.  *Id.*

In the fall of 2016, Plaintiff filed a petition for writ of habeas corpus in the Florida Supreme Court, again raising due process and equal protection issues, claiming "manifest injustice," and asserting there was an "unlawful upward departure sentence issue."  *Id.* at 2.  The Court denied his "petition applying a procedural bar" and denied his motion requesting reinstatement of his habeas petition.  *Id.* at 2-3.  Plaintiff's re-filed habeas petition was similarly denied in January  2017.  *Id.* at 3.  Plaintiff explains that he

continued to file additional pleadings seeking to challenge sentencing

issues.[2]  *Id.*  Those requests for habeas relief were denied.  *Id.* at 3-4.

_____

[2] At least in part, Plaintiff contends that his "upward departure sentence" is unlawful and that he was denied the "right to have counsel at sentencing."  ECF No. 9 at 1-2.  Judicial notice is taken of a Report and Recommendation entered in Plaintiff's 2006 habeas case from the Southern District of Florida.  There, Plaintiff filed a § 2254 petition for writ of habeas corpus and United States Magistrate Judge Patrick A. White explained why Plaintiff was not represented by counsel:

> On or about December 1, 1999, Weaver filed a pro se Motion to Withdraw Plea, alleging that his guilty pleas had been involuntarily entered and the product of coercion in that the pleas had been based upon misrepresentations given by defense counsel. (DE# 31; Ex. D).  Specifically, Weaver maintained that his lawyer had advised him to enter guilty pleas and the pleas could later be withdrawn on grounds of pretrial publicity.  *Id.*  On December 13, 1999, immediately before sentence proceedings were to take place, Weaver was permitted to argue his motion before the court.  (Transcript of Proceedings conducted on December 13, 1999, at 3-5, 9-10).  After considering the arguments made by Weaver and the state, the trial court  denied Weaver's motion to withdraw plea, finding that the plea colloquy clearly refuted Weaver's claim that his pleas of guilty had been involuntarily entered as argued in his motion.  *Id.* at 10-12.  Weaver then requested that the trial court discharge appointed counsel, stating that counsel had lied to him, and,  after having conducted a hearing pursuant to <u>Faretta  v. California</u>, 422 U.S. 806 (1975), the court granted the motion and permitted Weaver to represent himself at sentencing.  *Id.* at 13-20.  The trial court immediately proceeded to sentencing, during which testimony was taken.  *Id.* at 20-57. Weaver was then sentenced to consecutive terms of life imprisonment on Counts I and II with a consecutive three-year minimum mandatory term.  *Id.* at 59-60.  Sentence was suspended as to Count III.  *Id.*  <u>See also</u>  Sentence. (DE# 31; Ex. F).

ECF No. 34 at 3 (case # 1:06cv21424-DLG, Southern District of Florida).  It was recommended that the habeas petition be dismissed without prejudice for lack of exhaustion, and that recommendation was adopted over Plaintiff's objection.  ECF No. 37.  When Plaintiff filed another § 2254 petition in 2010, he again brought claims challenging his sentence and arguing that he was denied the right to the effective assistance of counsel at sentencing.  *See* ECF No. 19 of case # 1:10cv21171-AJ.

Plaintiff's declaration, ECF No. 9, is construed as providing supplemental facts to support his civil rights complaint. No relief can be provided to Plaintiff based on those assertions, but they have been considered along with this initial complaint, ECF No. 1. The complaint has now been reviewed as required by 28 U.S.C. § 1915A.

Plaintiff brings this civil rights action, filed pursuant to 42 U.S.C. § 1983, against fourteen Defendants, claiming that their "actions taken under color of state law" resulted in "the deprivation of [Plaintiff's] rights secured by the United States Constitution." ECF No. 1 at 1-3. All named Defendants are sued in their official capacities. *Id.* at 2. All Defendants are either an assistant state attorney (Defendant Funck), an assistant attorney general (Defendant Katz), a state circuit court judge (Defendant Glick), a state judge on the Third District Court of Appeal (Defendants Rothenberg, Logue, Scales, Fernandez, and Luck), or a justice on the Florida Supreme Court (Defendants Pariente, Quince, Canady, Lewis, Polston, and Lawson). *Id.* at 2-3. The basis for Plaintiff's claims against these

---

Ultimately, it was concluded that Plaintiff's guilty plea was "entered freely, voluntarily and knowingly with the advice received from competent counsel" and that his claim that he was denied the assistance of counsel at sentencing was "meritless" and "contradicted by the record." ECF No. 19 at 23 and ECF No. 23 of that case. Plaintiff's appeal was dismissed. ECF No. 34 of that case.

Case No. 4:18cv572-MW/CAS

Defendants is their involvement in denying Plaintiff habeas relief in his state court proceedings. *Id.* at 4-8. Plaintiff alleged that his post-conviction pleadings were denied despite the fact that he "is entitled by law to relief from the unlawful, illegal and unconstitutional sentence and imprisonment." ECF No. 1 at 4. Plaintiff presents only conclusory allegations to support a myriad of claims brought against these Defendants. *Id.* at 8-11. As relief, Plaintiff seeks issuance of a declaratory judgment and injunctive relief, including issuance of an order to compel "Defendants to afford Plaintiff his entitled constitutional rights and his entitled right to be resentenced within the sentencing guidelines . . . ." *Id.* at 12.

**Analysis**

Having been unsuccessful at challenging his conviction and sentence through habeas corpus, Plaintiff is now attempting to use this civil rights action to do so. However, the law is well established that there are "two broad categories of prisoner petitions: (1) those challenging the fact or duration of confinement itself; and (2) those challenging the conditions of confinement." Preiser v. Rodriguez, 411 U.S. 475, 93 S.Ct. 1827, 36 L.Ed.2d 439 (1973). "These two avenues of relief are mutually exclusive." Wells v. Attorney Gen., Fla., 470 F. App'x 754, 755 (11th Cir. 2012).

Habeas corpus is the exclusive remedy for a prisoner who challenges "the fact or duration of his confinement and seeks immediate or speedier release, even though such a claim may come within the literal terms of § 1983."  Heck v. Humphrey, 512 U.S. 477, 481, 114 S.Ct. 2364, 2369 (1994).

Notwithstanding that Plaintiff is not seeking monetary damages, he cannot use this § 1983 civil rights action as a successive § 2254 petition. Wilkinson v. Dotson, 544 U.S. 74, 81-82, 125 S. Ct. 1242, 1248, 161 L. Ed. 2d 253 (2005) (explaining "that a state prisoner's § 1983 action is barred (absent prior invalidation) - no matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily demonstrate the invalidity of confinement or its duration").  "If a claim can be raised in a federal habeas petition, that same claim cannot be raised in a § 1983 civil rights complaint."  Wells, 470 F. App'x at 755.  As explained within this Report and Recommendation, Plaintiff is raising the same claim in this case as he has raised for years in his prior habeas petitions.  This he cannot do as Preiser and Heck preclude him from challenging the validity of his sentence in "a civil rights action

instead of an application for the writ of habeas corpus." *See* Roberson v.

Pinellas Cty. Sheriff's Office, No. 8:17-CV-1380-T- 23MAP, 2018 WL

1877458, at *2 (M.D. Fla. Apr. 19, 2018).

  The Eleventh Circuit has explained that if a § 1983 claim does seek

to "challenge the lawfulness of the prisoner's conviction or sentence, then

the court must treat the prisoner's claim as though raised under § 2254,

and it must apply the Anti-terrorism and Effective Death Penalty Act's

("AEDPA") procedural and exhaustion requirements to the claim." Wells,

470 F. App'x at 755 (citing Hutcherson v. Riley, 468 F.3d 750, 754 (11th

Cir. 2006)).   Because Plaintiff's complaint is another collateral attack on

his sentence, it qualifies as a successive § 2254 petition. Weekley v. Pohl,

No. 18-11593, — F. App'x —, 2019 WL 1504342, at *2 (11th Cir. Apr. 5,

2019) (concluding that prisoner's § 1983 complaint was "best construed as

a second or successive habeas petition" and dismissing it "for lack of

jurisdiction because he did not receive ... authorization to file it.").  Plaintiff

has not shown that he has obtained an order authorizing a successive

petition and, thus, it should be dismissed. Burton v. Stewart, 549 U.S. 147,

149, 127 S. Ct. 793, 794, 166 L. Ed. 2d 628 (2007) (holding that failure "to

comply with the gatekeeping requirements of 28 U.S.C. § 2244(b)"

deprives a district court of jurisdiction to hear prisoner's claims); <u>Weekley</u>,

— F. App'x —, 2019 WL 1504342, at *2; <u>Wells</u>, 470 F. App'x at 756; <u>Harris</u>

<u>v. Scott</u>, No. 4:18CV332-MW/CAS, 2018 WL 7075197, at *2 (N.D. Fla. Oct.

17, 2018), report and recommendation adopted, No. 4:18CV332-MW/CAS,

2019 WL 251490 (N.D. Fla. Jan. 17, 2019); 28 U.S.C. § 2244(b).[3]  This

Court lacks jurisdiction to consider Plaintiff's complaint and this case

should be dismissed.

Whether this case should be dismissed as a "strike" under 28 U.S.C.

§ 1915(g) requires further consideration.  The Eleventh Circuit has

concluded that "lack of jurisdiction" is not an enumerated ground in the

statute and, "without more, cannot serve as a strike."  <u>Daker v. Comm'r,</u>

<u>Georgia Dep't of Corr.</u>, 820 F.3d 1278, 1284 (11th Cir. 2016).  That is so

because "a dismissal for lack of jurisdiction ordinarily does not - indeed,

cannot - express any view on the merits."  <u>Daker</u>, 820 F.3d at 1284.

However, the Court suggested that there may be times when a dismissal

for lack of jurisdiction could be frivolous, fulfilling the "without more"

---

[3] That statute requires a petitioner to first obtain an order from the court of appeals authorizing the district court to consider a second or successive § 2254 petition.  28 U.S.C. § 2244(b)(3)(A).  Therefore, Petitioner cannot proceed unless and until he obtains authorization from the Eleventh Circuit.

requirement.  820 F.3d at 1284 (noting that "[a]ll we can deduce from a mere dismissal for lack of jurisdiction is that the prisoner's assertion of jurisdiction was wrong; we cannot know whether the dismissing court concluded that the higher standard for frivolousness was satisfied unless the court expressly says so.").

It is well established that a case is frivolous when the plaintiff "has little or no chance of success."  Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993); *see also* Hilario v. Marianna, 561 F. App'x 821, 823 (11th Cir. 2014) (holding that district court did not err when it dismissed *Bivens* complaint for failure to state a claim because claims were barred by Heck); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995) (stating that "declaratory or injunctive relief claims which are in the nature of habeas corpus claims - i.e., claims which challenge the validity of the claimant's conviction or sentence and seek release - are simply not cognizable under § 1983.").  A civil rights action that is, in reality, a successive and unauthorized habeas petition in disguise has no chance of success. Therefore, despite the fact that this Court lacks jurisdiction to consider Plaintiff's habeas claims which are raised in this civil rights action, the case

should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(i) and a "strike"

imposed under 28 U.S.C. § 1915(g).[4]

It is respectfully **RECOMMENDED** that Plaintiff's complaint, ECF No.

1, be **DISMISSED** for lack of jurisdiction and as frivolous pursuant to 28

U.S.C. § 1915(e)(2), and that the Order adopting this Report and

Recommendation direct the Clerk of Court to note on the docket that this

cause was dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i).

**IN CHAMBERS** at Tallahassee, Florida, on May 15, 2019.


  S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

**Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other**

---

[4] This statute directs that a prisoner is barred from proceeding with in forma pauperis status "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief maybe granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

Case No. 4:18cv572-MW/CAS

parties.   A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof.   Fed. R. Civ. P. 72(b)(2).   <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u>   If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions.   *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.